†SUN MUTUAL INSURANCE CO. v. JOHN A HOCK.

1. NOTICE OF OTHER INSURANCE BY TELEPHONE TO INSURER'S OFFICE SUFFICIENT.

On the question of the insured having notified the insurer of other later insurance obtained by him, he may show that he called up the insurer's office by telephone and communicated the fact to the person answering the call without further connecting the insured with such person.

2. UNANSWERED QUESTIONS IN APPLICATION ARE WAIVED.

Unanswered questions in an application for fire insurance are deemed waived.

3. CONDITION AS TO INCUMBRANCE WAIVED IF QUESTIONS UNANSWERED.

A condition requiring property to be unincumbered is waived by giving insurance on an application leaving questions as to losses unanswered.

ERROR to the Court of Common Pleas of Hamilton county.

---

†This judgment was affirmed by the Supreme Court, Feb. 23, 1897,"without passing upon the effect f the evidence respecting the alleged notice by telephone " 56 O. S, 735.

SMITH, J.

The petition in error alleges that the trial court erred: First, in overruling the motion of the plaintiff in error for a new trial; second, in refusing to rule out certain evidence; third, in overruling the motion of the defendant below to take the case from the jury and enter a judgment for the defendant; and fourth in the charge given to the jury, and in refusing to charge as requested by the counsel for defendant. We consider the questions in a different order.

And first as to the refusal of the court to rule out certain evidence offered by the plaintiff, which it is claimed was incompetent.

The suit was brought by Hock against the insurance company on a policy of insurance for $2,600, which among other conditions therein provided that it should become void in case the insured took out other insurance on the property covered by it, without the written consent of the company. Other insurance to the amount of 2,600 was subsequently taken out by Hock thereon in another company. The insured building was totally destroyed by fire, and in a suit brought upon the policy, the defendant company set up the defense that it was void by reason of this second insurance without notice thereof being given to the company, or any consent given by it to such insurance. The plaintiff, by his reply, admitted the additional insurance, but averred that notice thereof was given to the defendant, and that after said notice the company waived such forfeiture by its conduct, viz., by paying to plaintiff its portion only (one-half), of a partial loss on the property, with knowledge that the other insurance company was liable for the other one-half thereof, and thus recognizing the continued existence and validity of the policy sued on.

It was clearly competent for the plaintiff below, as tending to prove one material fact necessary to be proved, to show that the defendant company was notified before the loss occurred, that this additional insurance had been effected; and we think too, that it was competent for him to offer evidence, as he did in this case, tending to show that his agent went to a telephone in this city, and called up the telephone in the office of defendant company, also in this city, and then notified the person answering such call that the additional insurance had been taken out by the plaintiff, although there was no other evidence offered tending to show that a duly authorized agent of the defendant company actually received the message, or that it was subsequently communicated to the company or to one authorized to act for it in the premises. This we think is not only reasonable and right, and in accordance with business usages, but is sustained by a large number of cases and authorities cited at the argument. See sec. 766, Abbott's Trial Brief on the Facts; 1 Greenleaf's Ev., sec. 40; 100 N. Y., 466; 97 Mo., 473; 23 Mo., Ap., 451.

Whether the answer received in such case is competent to be proved without other evidence tending to show who in fact gave the answer and whether he was authorized so to speak, we think is a question not raised by the record in this case, and it is not necessary that we should decide it, though it is probable that the same authorities cited would warrant its introduction. A witness (and properly, as we have held) was allowed to testify that he telephoned this message to the office of the defendant company, and that the reply was made "all right." Thus far no objection was made to the evidence. and the witness was afterwards inquired of as to who went with him to the telephone and was there at the time, which was answered. Then the attorney of the defendant moved to exclude the whole of this testimony, on the ground that the witness did not connect the insurance company with it. Part of it was clearly competent, and the court did not err in overruling the motion.

2. Without going at length into the consideration of the special charges given by the court to the jury at the request of the plaintiff's counsel, and excepted to, we say generally that, in our opinion, they stated the law correctly. They were to the effect, first, that when a condition in a contract of insurance

CIRCUIT COURTS. 555

requires the property to be free and unincumbered, it is waived by accepting the risk on an application where the questions as to liens and incumbrances are not answered; second, that if the defendant company was notified of the second insurance, and still treated its policy as in force, or with such knowledge paid Hock for a partial loss, that the forfeiture was thereby waived. And further, we think the court did not err in refusing to give the special instruction asked for by defendant's counsel, that if the board of directors of the company gave no consent to the additional insurance, in the mode pointed out in the by-laws, as by indorsement thereof on the policy, or in writing, that the verdict of the jury should be for the defendant. The charge asked for ignored the doctrine that a forfeiture may be waived by the company by other acts, with full notice.

It is also urged that the verdict was against the weight of the evidence, particularly as to the value of the building insured, and the amount of the loss, and as to the waiver of the conditions of the policy by the defendant company; and further that what is claimed to be the newly discovered evidence, which was produced in affidavits filed in support of the motion for a new trial based on that ground, entitled him to a new trial, and that the court erred in overruling it. So far as the question of value is concerned, we are of the opinion that the evidence on this question cut but little if any figure in the case, in view of the issue therein, and the provisions of sec. 3643, Rev. Stat., as construed in *Ins. Co.* v. *Leslie*, 47 O. S., 409. The loss was a total one, and if the plaintiff was entitled to recover at all from the defendant, it would seem that he was entitled to recover the whole amount of the policy. But in view of the whole evidence, we cannot say that the verdict was manifestly against the weight of it, or that a state of case was shown by the affidavits filed on the motion for a new trial which would justify us in reversing the judgment. It will therefore be affirmed at costs of plaintiff in error, but without penalty.

*Fred A. Lamping*, for plaintiff in error.

*A. B. Benedict*, contra.